IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO A. WILLIAMS,

       Plaintiff,                    No. 2:11-cv-0638 KJN P

    vs.

JASON T. HUFFMAN, M.D., et al.,

       Defendants.            ORDER

_____/

       Plaintiff is a state prisoner proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.

       Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

       Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's prison trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to

make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("a judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual

allegations sufficient "to raise a right to relief above the speculative level." Id.  However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic Corp., 550 U.S. at 555) (citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, id., and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

The following "facts" are all based upon plaintiff's allegations.  On January 27, 2009, Dr. Nguyen ordered an urgent MRI for plaintiff's back injury.  On January 28, 2009, Dr. Rallos discussed plaintiff's case with Dr. Traquina, and Dr. Rallos ordered an urgent neurosurgery consult.  An MRI was performed on January 28, 2009, and on January 29, 2009, Suzanne Silva, LVN issued an urgent notice to put plaintiff on Dr. Huffman's schedule for February 9 to "Renee" at Queen of the Valley Hospital.  Plaintiff was seen by Dr. Huffman on February 9, 2009.  Plaintiff did not receive back surgery until May 21, 2009, although the records provided by plaintiff demonstrate plaintiff was provided with pain medication during the delay.[1]  Plaintiff seeks monetary damages for the delay in scheduling his back surgery and for allegedly subjecting him to inadequate medical care in violation of the Eighth Amendment.

---

[1] In the statement of claim portion of the complaint, plaintiff attempts to add his claim that he also sustained injuries based on the delay in scheduling of his 2010 hand surgery. (Dkt. No. 1 at 4.)  At the end of his handwritten attachment, plaintiff states he received nerve damage surgery to his right hand on May 28, 2010, and that defendants delayed scheduling plaintiff's hand surgery from June 2009 until May 2010.  The instant complaint contains no specific charging allegations against any named defendant in connection with plaintiff's hand injury.  Plaintiff is advised that the instant action is proceeding solely on plaintiff's claims concerning his May 2009 back surgery.  If plaintiff wishes to pursue a civil rights action concerning his May 2010 hand surgery, he must file a separate action.  See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (unrelated claims against different defendants belong in different suits); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).  The medical records provided by plaintiff refer to hand surgery for carpal tunnel syndrome, and differ in time, as well as treating professionals, from plaintiff's back injury claims.

3

> The Civil Rights Act under which this action was filed provides as follows:
> Every person who, under color of [state law] . . . subjects, or causes
> to be subjected, any citizen of the United States . . . to the
> deprivation of any rights, privileges, or immunities secured by the
> Constitution . . . shall be liable to the party injured in an action at
> law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658, 692 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

      Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation; Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979) (no liability where there is no evidence of personal participation). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

      To constitute cruel and unusual punishment in violation of the Eighth Amendment, conditions must involve "the wanton and unnecessary infliction of pain." Rhodes

4

v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless: (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).

A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be shown "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). When a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)). "[M]ere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference." Shapley, 766 F.2d at 407. To show deliberate indifference to a serious medical need where there is a delay in treatment or surgery, plaintiff must show that the failure to provide earlier treatment or surgery was harmful. McGuckin, 974 F.2d at 1060.

Moreover, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Isolated occurrences of neglect do not constitute deliberate indifference to serious medical needs. See Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) ("If the harm is an 'isolated exception' to the defendant's 'overall treatment of the prisoner [it] ordinarily militates against a finding of

5

deliberate indifference."); McGuckin, 974 F.2d at 1060; O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990).

In the instant complaint, plaintiff names six different defendants: Alvaro C. Traquina, Chief Medical Officer, Tessie Rallos, M.D., Jason T. Huffman, M.D., Suzanne Silva, LVN, "Renee," and Troy Brimhall. However, plaintiff has failed to include charging allegations as to each named defendant. Moreover, plaintiff has failed to demonstrate that each defendant was responsible for scheduling the surgery or for the alleged delay in scheduling.[2]

Plaintiff has also failed to allege any facts suggesting that defendants were deliberately indifferent to plaintiff's need for back surgery. Plaintiff has failed to allege facts that demonstrate each named defendant knew of and disregarded an excessive risk to plaintiff's health. Plaintiff has not shown that each defendant was aware of facts from which an inference could be drawn that a substantial risk of serious harm existed, and that each defendant drew that inference. Mere negligence is not enough. McGuckin, 974 F.2d at 1060 ("A finding that the defendant's neglect of a prisoner's condition was an isolated occurrence or an isolated exception to the defendant's overall treatment of the prisoner ordinarily militates against a finding of deliberate indifference.")

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

---

[2] In McGuckin, 974 F.2d at 1050, the plaintiff was denied a necessary surgery for over three years and suffered extreme pain during that delay. The only two defendants named by McGuckin were the treating physicians. Although the seriousness of McGuckin's medical condition was not disputed, the Ninth Circuit held that the district court had properly granted summary judgment to the physicians because the record showed that prison administrators were responsible for scheduling diagnostic examinations and surgeries, not the doctors. Because the doctors did not control when McGuckin was scheduled for surgery, they were not responsible for the delay and were not deliberately indifferent to plaintiff's medical condition. Id. at 1062.

1  succinctly.  <u>Jones v. Cmty Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must
2  allege with at least some degree of particularity overt acts which defendants engaged in that
3  support plaintiffs claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of Fed.
4  R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file
5  an amended complaint.

6        If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the
7  conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.
8  <u>Rizzo v. Goode</u>, 423 U.S. 362, 371 (1976).  Also, the complaint must allege in specific terms
9  how each named defendant is involved.  <u>Id.</u>  There can be no liability under 42 U.S.C. § 1983
10 unless there is some affirmative link or connection between a defendant's actions and the
11 claimed deprivation.  <u>Id.</u>; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>,
12 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official
13 participation in civil rights violations are not sufficient.  <u>Ivey v. Board of Regents</u>, 673 F.2d 266,
14 268 (9th Cir. 1982).  Plaintiff should only name as defendants those persons responsible for the
15 delay, provided the person was deliberately indifferent, as explained above.  Plaintiff is reminded
16 that this action is proceeding as to his claims concerning his 2009 back injury.  Plaintiff should
17 not include any allegations concerning the 2010 hand surgery.

18       In addition, plaintiff is hereby informed that the court cannot refer to a prior
19 pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that
20 an amended complaint be complete in itself without reference to any prior pleading.  This
21 requirement exists because, as a general rule, an amended complaint supersedes the original
22 complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended
23 complaint, the original pleading no longer serves any function in the case.  Therefore, in an
24 amended complaint, as in an original complaint, each claim and the involvement of each
25 defendant must be sufficiently alleged.
26 ////

However, plaintiff need not resubmit the 229 pages of exhibits appended to the original complaint. Now that the exhibits are a part of the court record, the parties and the court can refer to the exhibits as needed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. The Clerk of Court is directed to send plaintiff the form for filing a civil rights action by a prisoner.

DATED: April 20, 2011

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

will0638.14

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIO A. WILLIAMS, | |
|     Plaintiff, | No. 2:11-cv-0638 KJN P |
|     vs. | |
| JASON T. HUFFMAN, M.D., et al., | <u>NOTICE OF AMENDMENT</u> |
|     Defendants. | |
| _____ / | |

    Plaintiff hereby submits the following document in compliance with the court's order filed _____:

    _____      Amended Complaint only (no exhibits required)

DATED:

                                                                                         Plaintiff