1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MARIO WILLIAMS,

11             Plaintiff,              No. 2:11-cv-0638 KJN P

12        vs.

13   JASON T. HUFFMAN, et             ORDER AND

14             Defendants.            FINDINGS AND RECOMMENDATIONS

15   _____/

16            Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis,

17   with an action filed pursuant to 42 U.S.C. § 1983.  In his first amended complaint ("FAC"),

18   plaintiff claims defendants were deliberately indifferent to plaintiff's serious medical needs by

19   the delay plaintiff suffered in receiving back surgery.  Defendants Traquina, Austin and Mefford

20   filed a motion to dismiss based on plaintiff's alleged failure to first exhaust administrative

21   remedies, and contend that defendants cannot be sued for monetary damages in their official

22   capacities.  (Dkt. No. 25.)  Plaintiff filed an opposition and declaration on August 15, 2011.

23   (Dkt. No. 23.)  Defendants filed a reply on August 26, 2011.

24            For the reasons set forth below, the undersigned recommends that defendants'

25   motion to dismiss based on plaintiff's alleged failure to exhaust administrative remedies be

26   denied, and defendants' motion to dismiss based on Eleventh Amendment immunity be granted.

I. <u>Motion to Dismiss - Exhaustion</u>

Defendants contend plaintiff failed to exhaust his administrative appeal to the third level of review.  Plaintiff concedes he did not present his administrative appeal to the third level of review, but argues that because his appeal was partially granted at the second level of review, he was not required to pursue a third level review in order to exhaust administrative remedies.  In reply, defendants contend that plaintiff was advised at the second level of review that if plaintiff was dissatisfied with the second level decision, plaintiff should appeal to the third level of review.  Defendants argue that plaintiff is dissatisfied because he is pursuing a civil rights action based on the alleged delay.

A.  <u>Legal Standard re Exhaustion</u>

The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion in prisoner cases covered by § 1997e(a) is mandatory.  <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002).  Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  <u>Porter</u>, 534 U.S. at 532.

Exhaustion of all "available" remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain, speedy and effective."  <u>Id.</u> at 524; <u>Booth v. Churner</u>, 532 U.S. 731, 740 n.5 (2001).  Even when the prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  <u>Booth</u>, 532 U.S. at 741.  A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money."  <u>Id.</u> at 734. The fact that the administrative procedure cannot result in the particular form of relief requested by the prisoner does not excuse exhaustion because some sort of relief or responsive action may

1   result from the grievance.  See Booth, 532 U.S. at 737; see also Porter, 534 U.S. at 525 (purposes

2   of exhaustion requirement include allowing prison to take responsive action, filtering out

3   frivolous cases, and creating administrative records).

4          A prisoner need not exhaust further levels of review once he has either received

5   all the remedies that are "available" at an intermediate level of review, or has been reliably

6   informed by an administrator that no more remedies are available.  Brown v. Valoff, 422 F.3d

7   926, 934-35 (9th Cir. 2005).  Because there can be no absence of exhaustion unless some relief

8   remains available, a movant claiming lack of exhaustion must demonstrate that pertinent relief

9   remained available, whether at unexhausted levels or through awaiting the results of the relief

10  already granted as a result of that process.  Id., 422 F.3d at 936-37.

11         As noted above, the PLRA requires proper exhaustion of administrative remedies.

12  Woodford v. Ngo, 548 U.S. 81, 83-84 (2006).  "Proper exhaustion demands compliance with an

13  agency's deadlines and other critical procedural rules because no adjudicative system can

14  function effectively without imposing some orderly structure on the course of its proceedings."

15  Id. at 90-91.  Thus, compliance with prison grievance procedures is required by the PLRA to

16  properly exhaust.  Id.  The PLRA's exhaustion requirement cannot be satisfied "by filing an

17  untimely or otherwise procedurally defective administrative grievance or appeal."  Id. at 83-84.

18         The State of California provides its prisoners the right to appeal administratively

19  "any departmental decision, action, condition or policy which they can demonstrate as having an

20  adverse effect upon their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a) (2011).  It also provides

21  them the right to file appeals alleging misconduct by correctional officers and officials.  Id. at

22  § 3084.1(e).  In order to exhaust available administrative remedies within this system, a prisoner

23  must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal

24  on a 602 inmate appeal form, (3) second level appeal to the institution head or designee, and

25  (4) third level appeal to the Director of the California Department of Corrections and

26  Rehabilitation.  Barry v. Ratelle, 985 F.Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal.Code

3

1   Regs. tit. 15, § 3084.5).  A final decision from the Director's level of review satisfies the

2   exhaustion requirement under § 1997e(a).  Id. at 1237-38.

3            Non-exhaustion under § 1997e(a) is an affirmative defense which should be

4   brought by defendants in an unenumerated motion to dismiss under Federal Rule of Civil

5   Procedure 12(b).  Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003).  Moreover, the court

6   may look beyond the pleadings to determine whether a plaintiff exhausted his administrative

7   remedies.  Id.  at 1119-20.

8         B.  Analysis

9            Here, plaintiff's Eighth Amendment claim against defendants arises from the

10   "extreme pain and discomfort" plaintiff allegedly suffered while waiting for neurosurgery.

11   Plaintiff concedes he failed to exhaust his administrative appeal through the third level of review.

12   However, plaintiff contends he was not required to pursue his appeal to the third level of review

13   because he was granted surgery at the second level of review.

14            For purposes of the PLRA's exhaustion requirement, "a grievance suffices if it

15   alerts the prison to the nature of the wrong for which redress is sought."  Griffin v. Arpaio, 557

16   F.3d 1117, 1120 (9th Cir. 2009) (internal quotation marks omitted).[1]

17                A grievance need not include legal terminology or legal theories

               unless they are in some way needed to prove notice of the harm

18                being grieved.  A grievance also need not contain every fact

               necessary to prove each element of an eventual legal claim.  The

19                primary purpose of a grievance is to alert the prison to a problem

               and facilitate its resolution, not to lay groundwork for litigation.

20

21

22         [1]  In Griffin, the Ninth Circuit found that although Griffin did not have to allege a precise
legal theory, Griffin failed to exhaust because Griffin did not provide sufficient information in
the administrative appeal so that prison officials could address and respond to the situation.  Id.
23   Griffin did not tell the prison officials in his grievance that the remedy to his problem that had
been ordered by a prison nurse had been ignored by prison staff.  Therefore, the prison officials,
24   who were aware of the nurse's order, reasonably believed that the order fixed the problem.  Thus,
the Ninth Circuit concluded that Griffin failed to properly exhaust his administrative remedies
25   because he did not provide notice of the prison staff's alleged disregard of the nurse's order:  the
prison was consequently not alerted "to the nature of the wrong."  See id. at 557 F.3d at 1121.
26   This factual distinction is not present in the instant case.

Id.  Ultimately, a grievance must "provide enough information . . . to allow prison officials to take appropriate responsive measures."  Id., 557 F.3d at 1121 (internal quotation marks omitted).

Therefore, plaintiff was not required to specifically state in his appeal that defendants were deliberately indifferent to plaintiff's serious medical needs.  In his appeal, plaintiff sought surgery for a medical condition that subjected him to back spasms and extreme pain in his legs, hips and buttocks.  (Dkt. No. 20-2 at 5.)  Plaintiff first suffered his injury on January 16, 2009.  (Dkt. No. 20-2 at 8.)  By the time plaintiff filed his appeal, he had waited almost two months for the surgery, while allegedly suffering "extreme pain."  (Id.)  Thus, although plaintiff did not specifically identify the defendants in the appeal or detail their individual actions or omissions, log number SOL-24-09-10890 grieved plaintiff's medical issues that gave rise to the Eighth Amendment claim in this action.  Accordingly, the court finds that log number SOL-24-09-10890 sufficiently identified plaintiff's medical claims.

The question of whether plaintiff's failure to pursue the appeal to the third level of review means that plaintiff failed to exhaust his administrative remedies presents a closer question.  Defendants argue that if plaintiff was satisfied with the relief provided at the second level of review, the instant lawsuit is unnecessary.  Because plaintiff apparently remained unsatisfied, defendants contend plaintiff should have submitted his appeal to the third level of review.  Defendants further argue that because plaintiff is seeking only money damages, plaintiff was required to exhaust to the third level of review, citing Booth, 532 U.S. at 734.  In Booth, the court held that administrative remedies must be exhausted even where the plaintiff seeks only monetary relief and the inmate grievance procedure offers no such relief.  Id., 532 U.S. at 733-34.

However, Booth is distinguishable on its facts.  Here, plaintiff was not just seeking money damages.  Plaintiff was trying to get surgery to alleviate his pain.  Booth failed to pursue the appeal beyond the first level of review.  Here, plaintiff appealed through the second level of review, where plaintiff was granted the surgery he sought.  Booth was not granted any relief sought through administrative review.  Id.  In the instant case, plaintiff sought surgery for a

5

medical condition that subjected him to back spasms and extreme pain in his legs, hips and buttocks. (Dkt. No. 20-2 at 5.)  Despite being injured on January 16, 2009, (dkt. no. 20-2 at 8), plaintiff was not provided surgery until May 21, 2009, even though plaintiff was allegedly experiencing extreme pain.  Therefore, plaintiff suffered over a four month delay between the date he was injured and the date he was provided surgery.  Once plaintiff received the second level decision granting surgery, and was informed that plaintiff would receive surgery during the month of May 2009, no further relief was available through the administrative process.  Brown v. Valoff, 422 F.3d 926 (9th Cir. 2005).

Therefore, this case is more similar to Brown.  Id., 422 F.3d at 926.  Although Brown's claim alleged excessive force, Brown's second level appeal was partially granted, as was plaintiff's second level appeal.  Brown did not file a third level review.  Id. at 931.  On appeal, the Court of Appeals for the Ninth Circuit found that defendants failed to prove some relief remained available to Brown beyond the second level of review.  Id. at 940.

Defendants argue that Brown had no further relief available because Brown's grievance was turned into a separate "Staff Complaint" which would be investigated by the Office of Internal Affairs, in which Brown could no longer be involved.  Defendants contend plaintiff still had the third level of review at which prison officials should have been given an opportunity to address plaintiff's instant allegations.

Defendants are correct that there is a distinction between Brown's case and plaintiff's case because at Brown's second level of review his case was turned over for a separate Internal Affairs investigation.  Brown, 422 F.3d at 938-39.  This distinction, however, does not dictate a different result.  Here, plaintiff's main goal in the appeal process was to obtain surgery. Plaintiff put prison officials on notice that plaintiff was injured on January 16, 2009, was suffering extreme pain, but had not received surgery by March 15, 2009.  Significantly, defendants have not addressed or identified what further relief plaintiff could have been provided at the third level of review.  Indeed, had plaintiff taken an appeal within fifteen days from the

1  May 8, 2009 second level decision, as required by Cal. Code Regs., tit. 15, § 3084.6, his

2  appointment for surgery would have been in the midst of scheduling, or the May 21, 2009

3  surgery date would have been set, or may have even taken place.  Thus, any timely-filed third

4  level appeal would have been denied as the surgery was scheduled or had occurred, or would

5  have been partially granted for the same reasons.  Defendants have failed to identify what relief

6  the administrative appeal process can provide once an alleged delay in providing surgery has

7  occurred.

8          For all of the above reasons, defendants' motion to dismiss plaintiff's claims

9  should be denied.

10  II.  Eleventh Amendment Immunity

11          Defendants seek an order striking plaintiff's request for money damages from the

12  FAC, contending plaintiff seeks money damages from defendants in their official capacities.

13  Plaintiff contends he sues defendants in both their official and personal capacities.  While the

14  Eleventh Amendment bars a prisoner's section 1983 claims against state actors sued in their

15  official capacities, Will v. Michigan Dep't  of State Police, 491 U.S. 58, 66 (1989), it does not

16  bar damage actions against state officials sued in their personal or individual capacities.  Hafer v.

17  Melo, 502 U.S. 21, 31 (1991); Pena v. Gardner, 976 F.2d 469, 472-73 (9th Cir. 1992).  When a

18  state actor is alleged to have violated both federal and state law and is sued for damages under

19  section 1983 in his individual or personal capacity, there is no Eleventh Amendment bar, even if

20  state law provides for indemnification.  Ashker v. California Dep't of Corrections, 112 F.3d 392,

21  395 (9th Cir. 1997).

22          The Supreme Court has made it clear that a plaintiff can establish personal

23  liability in a section 1983 action simply by showing that each official acted under color of state

24  law in deprivation of a federal right.  Hafer, 502 U.S. at 25.  Plaintiff has done so.  Consequently,

25  the defendants' motion to dismiss on Eleventh Amendment grounds should be granted only to

26  the extent that plaintiff seeks damages against defendants in their official capacity.  The Eleventh

7

Amendment imposes no bar to plaintiff's damages action against defendants in their personal capacities.  See Stivers v. Pierce, 71 F.3d 732, 749 (9th Cir. 1995) (individual defendants in their personal capacities not entitled to Eleventh Amendment immunity).

III.  Conclusion

In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case; and

IT IS RECOMMENDED that:

1.  The August 5, 2011 motion to dismiss based on an alleged failure to exhaust administrative remedies (dkt. no. 20) be denied;

2.  Defendants' motion to dismiss on Eleventh Amendment grounds be granted only to the extent that plaintiff seeks damages against defendants in their official capacity; and

3.  Defendants Traquina, Austin, and Mefford be directed to file an answer within twenty-one days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  September 8, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/will0638.mtd

8