IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO WILLIAMS,

    Plaintiff,                    No. 2:11-cv-0638 GEB KJN P

    vs.

JASON T. HUFFMAN, M.D., et al.,

    Defendants.            ORDER

                                  /

        Plaintiff is a prison inmate, proceeding without counsel or "pro se" and in forma pauperis, with a civil rights action. On February 1, 2012, plaintiff filed his fourth request for the appointment of counsel. Plaintiff's previous requests were filed on June 13, 2011, October 3, 2011, and December 14, 2011. All requests were denied.

        The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). "A motion for appointment of counsel under 28 U.S.C. § 1915 is addressed to the sound discretion of the trial court and is granted only in exceptional circumstances." Franklin v. Murphy, 745

1

F.2d 1221, 1236 (9th Cir. 1984) (citation omitted).

> A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d).

Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986) (citations and internal punctuation omitted); Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. See Palmer, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances"); accord Alvarez v. Jacquez, 415 Fed. Appx. 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); Simmons v. Hambly, 14 Fed. Appx. 918, 919 (9th Cir. 2001) (same); Davis v. Yarborough, 2011 WL 5854097, *1 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1)").

In the present case, the court does not find the required exceptional circumstances. Plaintiff has articulated his claims and complied with all court orders. The amended complaint contains straightforward claims of deliberate indifference to serious medical needs, and discovery is ongoing. Plaintiff has obtained copies of pertinent medical records in this case. Plaintiff's motion for the appointment of counsel is therefore denied without prejudice.

Accordingly, IT IS HEREBY ORDERED that plaintiff's January 31, 2012 request (dkt. no. 60) is denied without prejudice.

DATED: February 16, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

will0638.31.thr