IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO WILLIAMS,

        Plaintiff,                      No. 2:11-cv-0638 GEB KJN P

    vs.

JASON T. HUFFMAN, M.D., et al.,

        Defendants.            <u>ORDER</u>

                               /

        On March 16, 2012, plaintiff filed a motion to compel defendant Mefford to provide plaintiff with the supplemental responses to plaintiff's first set of interrogatories. (Dkt. No. 68 at 1.) Plaintiff also seeks the sum of $150.00 an hour as his alleged "reasonable expenses" in bringing this motion. On April 6, 2012, defendants opposed the motion to compel. (Dkt. No. 71.) Defendants provided documentary evidence demonstrating that defendant Mefford provided plaintiff with timely objections to the interrogatories, but informed plaintiff that because defendant Mefford was on vacation, counsel would send the supplemental responses upon defendant Mefford's return. Defendant Mefford states that although supplemental responses were timely provided to counsel, counsel inadvertently failed to provide the supplemental responses to plaintiff. On March 21, 2012, plaintiff was served with the supplemental responses, and on March 22, 2012, defense counsel spoke with plaintiff by

telephone conference and explained that a mistake had been made, and that supplemental responses had now been served, but plaintiff stated he still "wanted to see how the court ruled on his motion." (Dkt. No. 71 at 2.) Defendants argue that plaintiff's motion is now moot, and that because the discovery cut-off is not until May 31, 2012, plaintiff was not prejudiced by the delay. Finally, defendants argue that plaintiff's initial interrogatories were defective because they were not addressed to each individual defendant, but were directed to all defendants in one document.

Plaintiff did not file a reply to defendants' opposition.

Defendants' objection to the form of the interrogatories is well-taken. Discovery requests are to be directed to individual defendants, not to defendants as a group in one document. Defendant Mefford has now, although belatedly, provided the supplemental responses initially promised. Plaintiff did not file a reply, or raise specific, additional objections to defendant Mefford's supplemental responses. Accordingly, plaintiff's motion to compel supplemental responses is denied. Plaintiff did not itemize the expenses he allegedly incurred in bringing the instant motion, and because plaintiff is not represented by counsel, he is not entitled to attorney's fees. Thus, plaintiff's motion for expenses is denied.

On March 22, 2012, plaintiff filed a motion for summary judgment. On March 27, 2012, defendants filed a response in which they seek to postpone briefing on plaintiff's motion for summary judgment to coincide with the filing of defendants' motion for summary judgment, due on or before July 31, 2012, the dispositive motions deadline, and after plaintiff's deposition is taken on April 17, 2012. However, defendants did not provide the date they contemplated filing their motion for summary judgment.

Plaintiff contends that Rule 56(a) allows him to file a motion for summary judgment "at any time after 20 days from the time a lawsuit [is] commenced." (Dkt. No. 69 at 2.) However, plaintiff refers to an outdated version of Rule 56(a). In 2010, the timing provisions in former subdivisions (a) and (c) were superseded, because filing a motion for summary judgment at the commencement of an action or before other pretrial proceedings are resolved is premature.

Rule 56(b) now provides that "Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b).

Here, the court issued a discovery and scheduling order that specifically provided for the filing of dispositive motions after the discovery deadline passed. (Dkt. Nos. 31, 67.) On March 6, 2012, the discovery deadline was extended to May 31, 2012, and the dispositive motions deadline was extended to July 31, 2012. As noted above, a discovery motion was still pending, and plaintiff had not yet been deposed. Pending discovery may influence the disputed and undisputed facts underlying a motion for summary judgment. Thus, plaintiff's March 22, 2012 motion for summary judgment is premature, and is denied without prejudice. However, in order to avoid burdening plaintiff, once discovery is resolved and plaintiff's deposition has been taken, plaintiff may renew his motion for summary judgment closer to July 31, 2012, by simply filing a notice of renewal of motion for summary judgment, referring defendants to plaintiff's March 22, 2012 motion. Plaintiff need not re-file the specific motion or documents supporting the motion unless he intends to modify the motion for summary judgment in light of later-obtained discovery. Thus, defendants' motion for extension of time is denied as moot.

Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's March 16, 2012 motion to compel (dkt. no. 68) is denied;

2. Plaintiff's March 22, 2012 motion for summary judgment (dkt. no. 69) is denied without prejudice to its renewal as set forth above; and

3. Defendants' March 27, 2012 motion to postpone briefing (dkt. no. 70) is denied.

DATED: April 23, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

will0638.36

3