IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARIO WILLIAMS,

        Plaintiff,                    No. 2:11-cv-0638 GEB KJN P

    vs.

JASON T. HUFFMAN, M.D., et al.,

        Defendants.           FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner, proceeding without counsel and in forma pauperis, with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's original complaint filed March 8, 2011, in which plaintiff claims that defendants Austin, Mefford, and Traquina, all employees in the medical department at California State Prison - Solano ("CSP-Solano"), violated plaintiff's Eighth Amendment rights by acting with deliberate indifference to his serious medical needs.

        On April 26, 2012, plaintiff filed a motion for preliminary injunction enjoining A. Jorden, Correctional Officer Jessup, and Officer Chavez, and the CSP-Solano mail room from interfering with the legal mail process by opening plaintiff's legal mail outside his presence, and from retaliating against plaintiff by disrupting the legal mail process. (Dkt. No. 76.) Jessup works in the mail room, and Jessup and Chavez are custody staff.

1  Defendants oppose plaintiff's motion on the grounds that plaintiff seeks injunctive
2  relief from individuals who are not named as defendants herein; none of the defendants in this
3  action are employed in the CSP-Solano mail room or as custody staff, but hold supervisory
4  positions in the prison's medical department; and plaintiff failed to meet the standard for granting
5  a preliminary injunction.  (Dkt. No. 78.)
6  In reply, plaintiff contends that mail room staff continue to deliver legal mail that
7  was opened outside his presence, and argues that mail room staff are retaliating against plaintiff
8  due to the pending lawsuit.  (Dkt. No. 79.)  Plaintiff provides a copy of an envelope from a law
9  firm which plaintiff claims was opened by mail room staff outside plaintiff's presence, and other
10 exhibits.  Finally, plaintiff contends that due to the mail room staff's interference with plaintiff's
11 legal mail, plaintiff missed the deadline for filing the instant reply.  (Id. at 3.)
12 The legal principles applicable to a request for injunctive relief are well
13 established.  "The proper legal standard for preliminary injunctive relief requires a party to
14 demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm
15 in the absence of preliminary relief, that the balance of equities tips in his favor, and that an
16 injunction is in the public interest.'"  Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir.
17 2009), quoting Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365, 374 (2008).
18 A Ninth Circuit panel has found that post-Winter, this circuit's sliding scale
19 approach or "serious questions" test survives "when applied as part of the four-element Winter
20 test."  Alliance for Wild Rockies v. Cottrell, 2011 WL 208360, at *7 (9th Cir. Jan. 25, 2011).
21 "That is, 'serious questions going to the merits' and a balance of hardships that tips sharply
22 towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also
23 shows that there is a likelihood of irreparable injury and that the injunction is in the public
24 interest."  Id.  In cases brought by prisoners involving conditions of confinement, any preliminary
25 injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm
26 the court finds requires preliminary relief, and be the least intrusive means necessary to correct

1   the harm." 18 U.S.C. § 3626(a)(2).

2   Initially, the principal purpose of preliminary injunctive relief is to preserve the court's power to render a meaningful decision after a trial on the merits. See 11A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure, § 2947 (2d ed. 2010). As noted above, in addition to demonstrating that he will suffer irreparable harm if the court fails to grant the preliminary injunction, plaintiff must show a "fair chance of success on the merits" of his claim. Sports Form, Inc. v. United Press International, Inc., 686 F.2d 750, 754 (9th Cir. 1982) (internal citation omitted). Implicit in this required showing is that the relief awarded is only temporary and there will be a full hearing on the merits of the claims raised in the injunction when the action is brought to trial. In addition, as a general rule this court is unable to issue an order against individuals who are not parties to a suit pending before it. Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100 (1969). Finally, in cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

3   As noted above, the instant action is proceeding on plaintiff's Eighth Amendment claims alleging deliberate indifference to plaintiff's serious medical needs. Because the claims raised in the instant motion are not cognizable as part of the underlying complaint, such claims will not be given a hearing on the merits at trial. Moreover, plaintiff's reply was timely filed. Prisoner filings are deemed filed the day the filing is handed to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities); Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (holding that "the Houston mailbox rule applies to § 1983 complaints filed by pro se prisoners"). Plaintiff's certificate of service is dated May 16, 2012, and the May 16, 2012 filing deadline is extended by three days for mailing. Fed. R. Civ. P. 6. Thus, plaintiff's reply is timely. Also, the alleged isolated incidents of mail interference or delay do not demonstrate irreparable and

3

immediate harm.  Furthermore, plaintiff is required to exhaust his administrative remedies as to any claims that individuals interfered with plaintiff's legal mail or retaliated against plaintiff for filing the instant action.  The Prison Litigation Reform Act of 1995 ("PLRA") amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion in prisoner cases covered by §1997e(a) is mandatory.  Porter v. Nussle, 534 U.S. 516, 524 (2002).  Exhaustion is a prerequisite for all prisoner suits regarding conditions of confinement, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.  Porter, 534 U.S. at 532.  In other words, plaintiff must first exhaust his claims regarding legal mail[1] and retaliation prior to bringing suit in federal court.

   Accordingly, plaintiff's motion for preliminary injunction should be denied.

   IT IS HEREBY RECOMMENDED that plaintiff's April 26, 2012 motion for preliminary injunction (dkt. no. 76) be denied.

   These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

---

[1] Plaintiff complains that various mail room staff persons have opened his "legal mail" outside his presence.  Plaintiff has identified one such piece of mail as mail from a law firm.  However, another piece of mail that plaintiff alleges was wrongfully opened outside his presence was from the court. (Dkt. No. 76 at 8.)  "The Supreme Court ha[s] held that [legal] mail may be opened in the presence of the addressee and that prison officials [can] require both that the letters be specially marked with the name and address of the attorney and that the attorney communicate first with prison officials."  Sherman v. MacDougall, 656 F.2d 527, 528 (9th Cir. 1981) (citing Wolff v. McDonnell, 418 U.S. 539, 575-77 (1974)).  However, "[m]ail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail."  Keenan v. Hall, 83 F.3d 1083, 1094 (9th Cir. 1996) (citation omitted).  It is an open question in the Ninth Circuit whether mail from attorneys, or "legal mail," may be opened outside of the prisoner's presence.  Sherman, 656 F.2d at 528; Chappell v. McCargar, 152 Fed. Appx. 571, 573 (9th Cir. 2005).  Thus, as to mail from the court, prison officials were not required to open the mail in plaintiff's presence.  Keenan, 83 F.3d at 1094.  Court orders and court filings, unless filed under seal, are a matter of public record.

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 1, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

will0638.pi